DANIEL G. BOGDEN
United States Attorney
AMBER M. CRAIG
Assistant United States Attorney
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702)388-6336 / Fax: (702)388-6698

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

DEC - 9 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:13-cr-417-KJD-GWF |
| ) | |
| vs ) | **PLEA AGREEMENT UNDER** |
| ) | **FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| NATHAN HERRERA, ) | |
| ) | |
| Defendant. ) | |

The United States, by and through DANIEL G. BOGDEN, United States Attorney, and AMBER M. CRAIG, Assistant United States Attorney, the Defendant, NATHAN HERRERA, and Defendant's attorney, BRIAN SMITH, ESQ., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

I.  **SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and Nathan Herrera (the Defendant). This Plea Agreement binds the Defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It

does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The Defendant knowingly and voluntarily agrees to plead guilty to the following charges, as set forth in the Indictment:

The lesser included offense of <u>Count 1</u> (which charges Conspiracy to Manufacture a Controlled Substance - Marijuana Plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii) and 846): Conspiracy to Manufacture a Controlled Substance - Marijuana Plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846.

<u>Count 3</u>: Maintaining Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1). At the time of sentencing, the Government agrees to move to dismiss the remaining counts of the Indictment as to Defendant Nathan Herrera only.

B. <u>Waiver of Trial Rights</u>. The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

C. <u>Withdrawal of Guilty Plea</u>. The Defendant will not seek to withdraw his guilty pleas after he has entered them in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the Defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States.

### III. ELEMENTS OF THE OFFENSES

<u>Count 1</u>: The elements of Conspiracy to Manufacture a Controlled Substance – Marijuana Plants, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 846 are:

1. There was an agreement between two or more persons to a crime charged in the indictment;

2. The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. The offense involved one thousand (1,000) or more marijuana plants.

*See* NINTH CIR. MANUEL OF MODEL JURY INSTR., Criminal 9.15 (2010 ed.)(modified).

<u>Count 3</u>: The elements of Maintaining Drug-Involved Premises, under 21 U.S.C. §856(a)(1) are:

//
//
//

1. The defendant knowingly maintained a place for the purpose of manufacturing a controlled substance; and

2. The defendant knew that the place was used for such purpose.

See 21 U.S.C. §856(a)(1).

## IV. FACTS SUPPORTING GUILTY PLEA

A. The Defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B. The Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C. The Defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D. The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On or about March 25, 2013, law enforcement executed a search warrant at at 8877 Waltzing Waters Court, Las Vegas, Nevada. Inside the residence, law enforcement discovered a large scale marijuana grow operation, comprised of grow beds, water tubs, grow lamps, various grow chemicals, fertilizer, and other implements utilized in the growing and harvesting of marijuana plants. Officers recovered marijuana plants, THC and THC-laced edibles, loose marijuana, codeine cough syrup, hash, kief, cocaine, psilocybin mushrooms, MDMA, a .40 caliber Glock handgun, and a .38 caliber FIE handgun.

Defendant Nathan Herrera conspired and agreed with co-defendants Ali Almeda and Gilberto Vasquez, Jr. to manufacture the marijuana plants found in 8877 Waltzing Waters Court, and knew that they were marijuana plants or some other prohibited drug.

Defendant knowingly maintained the 8877 Waltzing Waters Court residence for the purpose of manufacturing marijuana plants.

All of the foregoing occurred in the state and federal district of Nevada.

**V.   COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the Defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the Defendant's behalf. The Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

**VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

A.   <u>Discretionary Nature of Sentencing Guidelines</u>. The Defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

5

| | |
|---|---|
| Base Offense Level [U.S.S.G. § 2D1.1(c)(8)]: | 24 |
| Firearm Possessed [U.S.S.G. § 2D1.1(b)(1)]: | +2 |
| Maintain Premises for Purpose of Manufacturing a Controlled Substance [U.S.S.G. § 2D1.1(b)(12)]: | +2 |
| Minor Participant [U.S.S.G. § 3B1.2(b)]: | -2 |
| Acceptance of Responsibility [U.S.S.G.§3E1.1(a)]: | -2 |
| Timely Plea [U.S.S.G. §3E1.1(b)]: | -1 |
| Total Offense Level: | 23 |

The Defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.   **Reduction of Offense Level for Acceptance of Responsibility.**   Under USSG §3E1.1(a), the United States will recommend that the Defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the Defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

6

1    D.   Criminal History Category. The Defendant acknowledges that the Court may
2  base his sentence in part on the Defendant's criminal record or criminal history. The Court will
3  determine the Defendant's Criminal History Category under the Sentencing Guidelines.

4    E.   Relevant Conduct. The Court may consider any counts dismissed under this Plea
5  Agreement and all other relevant conduct, whether charged or uncharged, in determining the
6  applicable Sentencing Guidelines range and whether to depart from that range.

7    F.   Additional Sentencing Information. The stipulated Sentencing Guidelines
8  calculations are based on information now known to the parties. The parties may provide
9  additional information to the United States Probation Office and the Court regarding the nature,
10 scope, and extent of the Defendant's criminal conduct and any aggravating or mitigating facts or
11 circumstances. Good faith efforts to provide truthful information or to correct factual
12 misstatements shall not be grounds for the defendant to withdraw his guilty plea.

13  The Defendant acknowledges that the United States Probation Office may calculate the
14 Sentencing Guidelines differently and may rely on additional information it obtains through its
15 investigation. The Defendant also acknowledges that the Court may rely on this and other
16 additional information as it calculates the Sentencing Guidelines range and makes other
17 sentencing determinations, and the Court's reliance on such information shall not be grounds for
18 the Defendant to withdraw his guilty plea.

19    G.   Career Offender Provision. The Defendant's base offense level could increase if
20 the Defendant qualifies as a career offender under USSG §§ 4B1.1 and 4B1.2. In that event, the
21 parties are not bound by the stipulated base offense level. Application of the career offender
22 provisions shall not be grounds for the Defendant to withdraw his guilty plea.

23 **VII.   APPLICATION OF SENTENCING STATUTES**
24 //

A. <u>Maximum Penalty</u>.

<u>Count 1</u>: The maximum penalty for Conspiracy to Manufacture a Controlled Substance-Marijuana Plants, under 21 U.S.C. §§841(a)(1) and (b)(1)(B)(vii) and 846 is not more than life imprisonment, with a mandatory minimum sentence of ten (10) years, a fine of not more than ten million dollars ($10,000,000), or both.

<u>Count 3</u>: The maximum penalty for Maintaining Drug-Involved Premises, under 21 U.S.C. §856(a)(1) is not more than twenty (20) years imprisonment, a fine of not more than one five hundred thousand dollars ($500,000), or both.

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Parole Abolished</u>. The Defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the Defendant will be subject to a term of supervised release not to exceed 5 years. Supervised release is a period of time after release from prison during which the Defendant will be subject to various restrictions and requirements. If the Defendant violates any condition of supervised release, the Court may order the Defendant's return to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of life imprisonment.

E. <u>Special Assessment</u>. The Defendant will pay a $100.00 special assessment per count at the time of sentencing.

//

## VIII. POSITIONS REGARDING SENTENCE

The parties agreed to **jointly** recommend a sentence of 48 months imprisonment, unless the Defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The Defendant acknowledges that the Court does not have to follow that recommendation. Notwithstanding its agreement to recommend a 48 month sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The Defendant will not request a sentence below 48 months, and will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The Defendant cannot discharge his restitution obligation through bankruptcy proceedings. The Defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## X. FORFEITURE

Upon conviction of one or more of the controlled substance offenses alleged in the Indictment, the Defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violation(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation(s).

## XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the Defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The Defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The Defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The Defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The Defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings.</u> The Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The Defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The Defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. <u>Removal/Deportation Consequences.</u> The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The Defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the Defendant, the Defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN
United States Attorney

12/9/15
DATED

AMBER M. CRAIG
Assistant United States Attorney

10-27-15
DATED

NATHAN HERRERA
Defendant

12-9-15
DATED

BRIAN SMITH
Counsel for Defendant